1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7
8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
9   MATTHEW OSPECK,                          No. C 04-01826 JSW
10           Plaintiff,
11   v.                                       **ORDER GRANTING**
                                             **DEFENDANTS' MOTION TO**
12   SPEEDSTER MOTORCARS OF CENTRAL           **DISMISS AND DENYING**
    CALIFORNIA, INC. and K. MICHAEL          **DEFENDANTS' MOTIONS TO**
13   AKINS,                                   **TRANSFER AND/OR STRIKE**
14           Defendants.
15   _____/
16       Now before the Court are the motions of defendants Speedster Motorcars of Central

17   Florida, Inc. and Michael Akins ("Defendants") to dismiss, to transfer, and/or to strike the

18   complaint of plaintiff Matthew Ospeck ("Plaintiff").  Having carefully reviewed the parties'

19   papers and considered their arguments and the relevant legal authority, and good cause

20   appearing, the Court hereby GRANTS Defendants' motion to dismiss Mr. Akins based on lack

21   of personal jurisdiction and DENIES Defendants' motion to transfer and/or to strike Plaintiff's

22   complaint.

23                              **BACKGROUND**

24       Plaintiff brings this trademark infringement case against Speedster Motorcars of Central

25   Florida ("Speedster Motorcars") and K. Michael Akins ("Akins") for allegedly infringing his

26   federally registered AUBURN® and Flying Lady Designs® trademarks.  Plaintiff alleges that

27   he, along with two other partners, formed Build-to-Order, Inc. ("BTO") to launch a line of

28   automobiles with these trademarks.  (Compl. at ¶ 28.)  Plaintiff accuses Defendants of

United States District Court

For the Northern District of California

advertising, offering for sale, and selling automobiles with these trademarks. (Compl. at ¶¶ 33-40.)

Akins is the founder and original owner of Speedster Motorcars, and he initially served as president of the company. (Opp. Br., Ex. A (Akins' Depo.) at 5, 17.)  In 2002, Akins entered into a partnership agreement with Timothy Durham ("Durham") with respect to Speedster Motorcars, but Akins remained president.  (Opp. Br., Ex. A (Akins' Depo.) at 23-24, 36.)  Tom Bontrager ("Bontrager") then replaced Akins as president.  (Declaration of Bontrager ("Bontrager Decl."), ¶¶ A, D.)  Currently, Akins works as a consultant for Speedster Motorcars approximately once a week.  (Opp. Br., Ex. A (Akins' Depo.) at 2-3.)

Before Plaintiff filed his case in this Court, Defendants filed an action in the Southern District of Indiana involving similar facts.  In their complaint in Indiana, Defendants contend that they have been openly producing Auburn replicas for years, and that Plaintiff's claims are thus barred by laches and/or equitable estoppel.  (Mot., Ex. A.)   The district court in the Southern District of Indiana subsequently dismissed the suit for lack of personal jurisdiction over Plaintiff.  (Indiana Order Attached to Opp. Br.)

Defendants move to dismiss this action against Akins based on lack of personal jurisdiction.  Defendants also move to transfer this case to another state.  Defendants initially moved to transfer this case to Indiana, but after the Indiana court dismissed the case filed there, Defendants argued that this case should be transferred to Florida.  (*Compare* Mot. at 7-14 *with* Reply Br. at 7-8 and Suppl. Reply Br. at 4.)  Defendants further move to strike the entire complaint for violating the short and plain statement requirement of Federal Rule of Civil Procedure 8(a).

## ANALYSIS

**A.    Defendants' Motion to Dismiss the Complaint Against Akins Based on Lack of Personal Jurisdiction.**

### 1.    Legal Standards Applicable to Dismissal for Lack of Personal Jurisdiction.

"Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long arm-statute permits the assertion of jurisdiction without violating federal due process." *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 800-801 (9th Cir. 2004).

Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Id*. at 801.

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The overriding constitutional principle is that maintenance of an action in the forum must not offend "traditional conception[s] of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones*, 465 U.S. 783, 788 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

Plaintiff asserts that specific personal jurisdiction exists as a result of conduct allegedly directed at this forum. To evaluate the nature and quality of a defendant's contacts for the purposes of specific jurisdiction, courts use a three-part test: (1) some action must be taken whereby the defendant purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *see also Cubbage v. Merchent*, 744 F.2d 665, 668 (9th Cir. 1984). In order to establish purposeful availment, the defendant must have committed an intentional act which was both expressly aimed at and which caused harm in the forum state. *Panavision International v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998).

As the party bringing this action, Plaintiff "bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger*, 374 F.3d at 800. The parties have not requested and the Court has not deemed it necessary to conduct an evidentiary hearing on the motion. The Court is therefore basing its decision on the written materials and declarations submitted by the parties, and thus, the Court considers whether those materials make a prima

3

facie showing of personal jurisdiction.  *Id.*  Where the facts are not directly controverted,

plaintiff's version of the facts is taken as true.  *See AT&T v. Compagnie Bruxelles Lambert*, 94

F.3d 586, 588 (9th Cir. 1996).  Likewise, conflicts between the facts contained in the parties'

affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie

case for personal jurisdiction exists.  *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

**2.      Plaintiff Has Not Met His Burden to Show Jurisdiction Exists Over Akins.**

It is undisputed that Akins is a resident of Florida.  Defendants further assert that Akins

has not transacted any business in California, and has not contracted with anyone to market,

distribute or sell any projects in California on his behalf.  (Mot. at 14; Akins' Declaration at ¶

12.)  To demonstrate that jurisdiction exists over Akins, Plaintiff points to: (1) advertisements

placed in *Hemmings Motor News* and *Dupont Registry* by Speedster Motorcars, which are

distributed nationally; and (2) contacts Speedster Motocars had with California.

Advertising in a national magazine, standing alone, is insufficient to satisfy the

purposeful availment prong of the specific jurisdiction analysis, *i.e.* that Akins purposefully

availed himself of the privilege of conducting business within the forum or invoking the benefits

and protections of its laws.  *See Ameritec Corp. v. Ameritech Corp.*, 230 U.S.P.Q. 225, 229

(C.D. Cal. 1986); *see also Williams v. Cannon, Inc.*, 432 F. Supp. 376, 380 (C.D. 1977).

Plaintiff concedes that merely placing advertisements in *Hemmings Motor News* and *Dupont*

*Registry*, which are distributed nationally, is insufficient to demonstrate purposeful availment,

but argues that there is evidence of other contacts Akins had with California.  (Suppl. Opp. Br.

at 14.)   To demonstrate Akins' alleged contacts with California, Plaintiff points to the following

pieces of evidence: (1) Speedster Motorcars, Inc.'s website from January 2004 includes a

dealership located in San Diego, California (Opp. Br., Ex. B); (2) Speedster Motorcars sold a

car to a California dealer in December 2003 (Opp. Br., Ex. C); and (3) Bontrager wrote a

4

United States District Court

For the Northern District of California

1   memorandum in February 2004 discussing the company's prospects of working with another

2   dealership in California (Opp. Br., Ex. G).[1]

3          In response, Defendants submit evidence demonstrating that such incidents, even if true,

4   occurred after Akins was no longer the president of Speedster Motorcars.  Bontrager, who

5   succeeded Akins as president, declares that he was the one who had contact with the California

6   dealer, that he was the person who made the company's first contacts with California, and that

7   the references on the company's website to the California dealership occurred after he became

8   president and starting running the company.  (Bontrager Decl., ¶¶ D-K.)  The supplemental

9   declaration from Akins further states: (1) he never did business with anyone in California; (2) he

10  never sold a car in California; (3) Akins neither developed nor caused to be developed the

11  company's present website; and (4) that when Akins was running the company, the company

12  website did not include the list of dealerships, referred to as the Dealership Network, which did

13  not even exist yet.  (Suppl. Akins' Decl., ¶¶ C-H.)

14         Plaintiff, in his supplemental opposition brief, does not submit any evidence to dispute

15  that these alleged incidents occurred while Akins was no longer president of the company or any

16  evidence demonstrating that Akins was personally involved and directed these activities even

17  though he was no longer the president.  Instead, Plaintiff essentially accuses Defendants of lying

18  and argues that Akins continues to run or materially steer the business of Speedster Motorcars.

19  To demonstrate Atkin's alleged continuing responsibility for and management of Speedster

20  Motorcars, Plaintiff points to three paragraphs in his complaint which allege that Akins signed

21

22         [1] Plaintiff also points to an email from Durham before Durham became a partner in
23  Speedster Motorcars in which Durham mentions his efforts to reach a licensing agreement to
    use the name Auburn, as well as a meeting Durham had around the same time with William
    Li, the Chairman and Executive Officer of BTO.  (Opp. Br., Exs. D, E.)  Plaintiff merely
24  argues, without any supporting evidence, that Akins worked in concert with Durham in his
    efforts to licence the Auburn® trademark from BTO.  The Court does not consider
25  unsupported allegations in evaluating personal jurisdiction.
           Plaintiff also asserts that Akins infringed Plaintiff's trademarks through Akins' prior
26  companies, that Akins infringed an agreement not to use the AUBURN® trademark, and
    Akins attempted to file applications with the United States Patent and Trademark Office
27  ("USPTO") regarding the AUBURN® (Opp. Br. at 4-5), but Plaintiff has no evidence and
    makes no argument demonstrating how these incidents, even if true, show Akins' had
28  contacts with California.  Therefore, such assertions also fail to assist Plaintiff in opposing
    this motion.

5

**United States District Court**

**For the Northern District of California**

applications for Speedster Motorcars with USPTO regarding the AUBURN® in April 2003. (Suppl. Opp. Br. at 2-3; Compl. ¶¶ 56-58.)  In addition to being irrelevant to Akins' current role at Speedster Motorcars, the Court may not assume the truth of Plaintiff's allegations in his complaint because Defendants have submitted declarations controverting Plaintiff's assertions. *See Alexander v. Circus Circus Enterprises, Inc.*, 972 F.2d 261, 262 (9th Cir. 1992).  Plaintiff also points to a cease and desist letter written from Plaintiff's attorney to Akins, and a letter written by Speedster Motorcars' attorney on which Akins is copied and is sent to Plaintiff regarding a complaint Speedster Motorcars filed against Plaintiff in Indiana.  (Suppl. Opp. Br. at 2-3.)  The Court does not consider a letter written by Plaintiff's attorney accusing Akins of infringement, or the fact that Akins was copied on one letter, especially in light of the fact that prior correspondence by Plaintiff's counsel had been written directly to Akins, to be probative of whether Akins still directs or manages Speedster Motorcars' business.  Therefore, because Plaintiff has no evidence even to make a prima facie showing that Akins continues to run the business of Speedster Motorcars, Plaintiff cannot rely on actions by the company which occurred after Akins was no longer the president to support jurisdiction over Akins.

In sum, Plaintiff makes broad assertions and arguments in opposition to Defendants' motion to dismiss, but has not submitted any evidence demonstrating Akins, as opposed to Speedster Motorcars, purposefully directed activity at the forum state.  Accordingly, Defendants' motion to dismiss Akins for lack of personal jurisdiction is granted.

**B.      Defendants' Motion to Transfer the Complaint.**

       **1.      Legal Standard Applicable to Motions to Transfer.**

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice.  A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination of whether transfer is appropriate in a particular case. For example, the court may consider:  (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. *See,*

*e.g., Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  The general rule is that the plaintiff's choice of forum is to be given substantial weight.  *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  The burden is on the moving party to demonstrate that the action should be transferred.  *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

Defendants initially sought to transfer this case to Indiana, based in large part on the fact that Defendants filed a case in Indiana against Plaintiff raising the same issues.  Defendants further argued transfer to Indiana was proper because Speedster Motorcars conducts business in Indiana and Akins acknowledged he is subject to jurisdiction in Indiana.  (Mot. at 11.)  The case in Indiana has since been dismissed, and in their reply brief, Defendants do not continue to argue that this case should be transferred to Indiana.  Instead, Defendants argue this case should be transferred to Florida.  (Reply Br. at 7-8; Suppl. Reply Br. at 4.)  Plaintiff does not dispute that the case could have been brought in Florida.  Accordingly, the Court weighs the relevant competing factors to determine which jurisdiction, California or Florida, is most appropriate under the circumstances.

**2.      Weighing of the Section 1404(a) Factors.**

Defendants argue this case should be transferred to Florida because Defendants are located in Florida and most witnesses are located in or near Florida.  (Reply Br. at 7.)  In support of this motion, Defendants point to their opening brief which states: "Other witnesses, tooling and automobiles are located in Florida and Alabama."  (Mot. at 12.)  In this case, Plaintiff accuses Defendants of infringing his federally registered marks, AUBURN® and Flying Lady Designs®.  In response, Plaintiff argues his documents, and the documents of BTO, which according to Plaintiff is the principal licensee of the AUBURN®, are all located in California.  (Suppl. Opp. Br. at 4-5, 11.)  Plaintiff also points out that many of the witnesses in this case are employees of BTO who reside in California.  (Suppl. Opp. Br. at 9.)  Of the five depositions taken in this case so far, three have been of California residents and two have been of residents of Florida.  (Suppl. Opp. Br. at 11.)  Moreover, while Defendants argue that most witnesses are located in Florida, their initial disclosures, which provide individuals likely to have discoverable

1    information, list twenty-three potential witnesses who reside in California and only six who

2    reside in Florida.  (Suppl. Opp. Br. at 11-12, Ex. D.)

3        Given the general rule that the plaintiff's choice of forum is to be given substantial

4    weight, and Defendants' failure to demonstrate that the convenience of witnesses and the parties

5    or the ease of access to evidence tips in favor of transferring this case to Florida, the Court

6    concludes that Defendants have not met their burden to show that this case should be

7    transferred.  Accordingly, the Court denies Defendants' motion to transfer.

8    **C.    Defendants' Motion to Strike the Complaint.**

9        Lastly, Defendants argue that Plaintiff's entire complaint should be stricken.  Defendants

10   contend that Plaintiff's complaint violates the pleading rule that complaints shall contain a short

11   and plain statement of the claims, and that his complaint is laced with redundant and immaterial

12   matter.  A district court may dismiss a complaint that does not comply with Rule 8(a), but only

13   if meaningful less drastic sanctions have been explored.  *Nevijel v. North Coast Life Ins. Co.,*

14   651 F.2d 671, 674 (9th Cir.1981); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (1988)

15   (holding that dismissing a complaint for failing to comply with the requirement that it be short

16   and plain "is usually reserved for those cases in which the complaint is so confused, ambiguous,

17   vague, or otherwise unintelligible").

18       Here, Defendants do not argue that the complaint is so confused, ambiguous, vague, or

19   otherwise unintelligible, but rather only that "redundant or immaterial matter is laced throughout

20   the complaint."  (Mot. at 19.)  Nor do Defendants demonstrate why dismissing the entire

21   complaint, as opposed to striking the allegedly redundant or immaterial matter, would be proper.

22   Because Defendants have not shown that dismissal is warranted, the Court denies their motion

23   to strike the entire complaint.

24

25

26

27

28

**United States District Court**

For the Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court: (1) GRANTS Defendants' motion to dismiss Akins based on lack of personal jurisdiction; (2) DENIES Defendants' motion to transfer; and (3) DENIES Defendants' motion to strike the entire complaint.

**IT IS SO ORDERED.**

Dated: August 11, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California